**Antonia ALLEGRA, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CV–86–3938 (JBW).**

United States District Court, E.D. New York.

Sept. 29, 1987.

Klein, Wagner & Morris, New York City by Michael C. Wagner, for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by Kevan Cleary, for defendant.

## MEMORANDUM and ORDER

WEINSTEIN, Chief Judge:

Antonia Allegra, a thirty-three year old, living with her mother in Brooklyn, came to the United States from Messina, Italy in 1979. She alleges that she has suffered since early childhood from muscular dystrophy, a progressive, debilitating condition. The disease curtailed her ability to engage in basic daily activities during childhood and early adolescence, and rendered her unable to engage in gainful employment from late adolescence on.

Plaintiff's application for child's disability insurance benefits was denied initially. On reconsideration, the Administrative Law Judge found that plaintiff was not disabled before she was twenty-two years old, the date on which a child must be disabled to receive child's disability benefits. 42 U.S.C. § 402(d)(1). The Appeals Council denied plaintiff's request for review. This case and motions for judgment on the pleadings followed. Fed.R.Civ.Proc. 12(c); 42 U.S.C. § 402(d)(1).

The Administrative Law Judge required the original clinical documentation of the diagnosis from plaintiff's childhood medical doctor. Rejected were documents and testimony overwhelmingly supporting the diagnosis of advanced muscular dystrophy. Such overrigid insistence on clinical documentation is not warranted either by the Federal Rules of Evidence, Social Security Regulations or case law. Reversal is required.

## I. FACTS

Uncontradicted exhibits and testimony of plaintiff show that she was born in Messina, Italy in 1954, and lived there until 1979, when she came to the United States. In Italy, with the assistance of her parents, she was able to attend school. When she was fourteen she began having difficulty doing such routine things as climbing stairs and going to the bathroom. She took some college courses in the United States, but her illness prevented her from completing them. For the same reason her one attempt to work as a receptionist in 1981 lasted for only eight weeks.

A brief summary of the clinical diagnoses provides persuasive evidence of disability prior to the age of twenty-two. In two reports, plaintiff's childhood physician in Italy, Dr. Andrea Bonito, states that she was affected by progressive muscular dystrophy since birth, that she had been unable to walk alone from the age of fourteen, and that she was permanently disabled for any type of work. Dr. Dora Schively, from the Neuromuscular Clinic at New York University Medical Center, has followed plaintiff on a regular basis since 1979. As a result of extensive examination, Dr. Schively concluded that her condition was present at birth, functionally limiting in the early teens, and a source of major disability by her twentieth birthday.

A report by the examining neurologist, Dr. Sahrma, diagnoses muscular dystrophy with a severe neurological disability. Finally, the record contains a letter dated May 9, 1985, signed by Dr. Schively and Steven Fisher, C.S.W., stating that plaintiff had muscular dystrophy, a severely crippling condition which first became noticeable in early childhood, and that, as an adult, she was never able to work.

## II. APPLICABLE LAW

### A. *Standard of Review*

The court may set aside a determination which is based upon legal error, or which is not supported by substantial evidence, *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982), and "enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Substantial evidence, as defined by the Supreme Court, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

### B. *Entitlement to Disability*

To establish entitlement to disability insurance benefits generally, a claimant must show an inability to engage in substantial gainful employment due to physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for twelve months. 42 U.S.C. § 423(d); 20 C.F.R. § 404.

A child's insurance disability benefits requires a showing that the disability occurred prior to the age of twenty-two and that claimant is the child of an individual entitled to old-age or disability insurance benefits, or an individual who dies entitled to such benefits—here plaintiff's father. 42 U.S.C. § 402(d)(1).

The Secretary uses a five step sequence to evaluate disability claims. 20 C.F.R. § 404.1520. This process includes considering whether or not the claimant is currently engaged in gainful employment, if there is a severe impairment, and if the impairment is one included in the regulations. If claimant suffers from a "listed" impairment, the Secretary presumes that the claimant is unable to perform substantial gainful activity. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982).

To reach his concusion, the Secretary must use both objective and subjective factors, including objective medical factors, diagnosis or medical opinions based on these facts, subjective complaints of pain or disability, and the claimant's age, education, and employment history. *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978). These factors need not be given equal weight. For example, in *Bastien* the court noted that the degenerative nature of the claimant's condition was an important factor to be weighed. *Id.* at 912.

"The expert opinions of a treating physician as to the existence of a disability are binding on the fact-finder unless contradicted by substantial evidence to the contrary." *Id.* at 912. This kind of preferred evaluation is embodied in the "treating physician" rule which gives greater weight, relative to other medical evidence, to the medical opinion of the doctor who treated the claimant. *Havas v. Secretary of Health and Human Services*, 804 F.2d 783, 785 (2d Cir.1986). The Secretary's own regulations also recognize the treating physician as the primary and best source of medical evidence to be used in evaluating an entitlement to disability. *See generally*, 20 C.F.R. §§ 404.1512–1517.

### C. *Evidence*

Under both the standards applicable to evidence at a hearing for review of denial of benefits under the Social Security Act and the Federal Rules of Evidence, documents supporting a doctor's diagnosis are not required. The regulations governing evidence of a fact relevant to eligibility indicate that introduction of "preferred" documentary evidence obviates the need for cumulative proof. 20 C.F.R. § 404.709.

In the absence of preferred evidence, the regulations require the Social Security Administration to "consider any other evidence" the claimant provides to determine if all the evidence considered together may be convincing. 20 C.F.R. § 404.709. The statute and regulations specifically provide that evidence not admissible under the Federal Rules of Evidence—including hearsay—is admissible in administrative hearings if relevant. 20 C.F.R. § 404.950(c). There is no question that all the evidence in this case, considered together, is convincing evidence of plaintiff's disability. Case law does not require that the physician's medical evidence be supported by clinical documentation. *Bluvband v. Heckler,* 730 F.2d 886, 893 (2d Cir.1984).

■ The Administrative Law Judge's imposition of a requirement that the clinical documents of plaintiff's childhood physician, Dr. Bonito, be supplied is error. The Administrative Law Judge at the hearing stated: "Without ... [the original records] ... there's no case." The ALJ went on to say, "∴ There's no diagnosis in these original documents" of disability. It is error for an Administrative Law Judge to impose upon a social security benefits claimant a requirement of documentary evidence that not even the Federal Rules of Evidence would require. *Brown v. Health and Human Services,* 668 F.Supp. 146 (E.D.N.Y.1987).

The issue presented is a "best evidence" question: is the production of the treating physician's documents required, or will a sworn letter from a doctor who is located abroad—hearsay evidence—be sufficient as proof of the diagnosis. Federal Rule of Evidence 1004(2), the "best evidence" rule, excuses production of the original if it cannot be obtained by available judicial process or procedure, the rationale being that if it cannot be obtained by either party or court, it is as inaccessible as though it had been lost or destroyed. The need for relevant evidence takes precedence over dangers of inaccuracy or fraud, and allows admission of secondary evidence. *Brown v. Health and Human Services,* 668 F.Supp. 146 (E.D.N.Y.1987). Trustworthy

hearsay should be admitted. *Cf.* Fed.R. Evid. 803(24), 804(b)(5).

## III. APPLICATION OF LAW TO FACTS

There is no suggestion of fraud. The hearsay is reliable and consistent with all the other evidence.

■ The record overwhelmingly shows that plaintiff suffers from muscular dystrophy, a degenerative disease which disabled her and prevented involvement in gainful employment long before she attained the age of twenty-two. The determination of the Administrative Law Judge that "the preponderance of the medical evidence fails to establish that the claimant's muscular dystrophy was of such severity as to preclude all work activity prior to the attainment of age 22 years," could not have been based on evidence that a reasonable mind might accept as adequate to support a conclusion. There is no evidence that plaintiff could have been gainfully employed prior to the age of twenty-two.

Considering plaintiff's testimony which demonstrated her limitations and muscular weakness since the age of fourteen, and the uncontroverted testimony of at least three treating medical practitioners, an Administrative Law Judge could not reasonably have reached a conclusion that plaintiff could engage in substantial gainful activity before she was twenty-two. From the age of fourteen on, she could not even walk or go to the bathroom without assistance. The record is devoid of contradictory medical testimony of any kind, nor does it contain contradiction of plaintiff's own testimony. Subjective complaints of the claimant are not irrelevant, and credible testimony from the claimant must be considered. *Woodard v. Schweiker,* 668 F.2d 370, 374 (8th Cir.1981). Since the Administrative Law Judge did not articulate any reasons for challenging plaintiff's credibility, it must be assumed that her testimony was accepted as truthful.

Plaintiff's treating physicians, both her childhood doctor in Italy and treating physicians in the United States, are the primary and best source of medical evidence. All agree that plaintiff has been disabled,

and unable to work from mid-adolescence until the present time. The regulations mandate an evaluation of the totality of the evidence, not merely a series of clinical tests. The Administrative Law Judge, by denying benefits, disregarded the expert opinions of all of plaintiff's treating physicians.

A requirement of original documents to verify the diagnosis of Dr. Bonito, plaintiff's childhood doctor, the only doctor who had actually seen her prior to the age of twenty-two, was error. Documents to verify a stated conclusion are only one kind of evidence. Their absence does not require a denial of the finding of disability. Even if the court were to consider clinical documentation as an "original" of Dr. Bonito's report, it is not necessary in this case since it is unobtainable, and its absence does not suggest inaccuracy or fraud. Dr. Bonito's report is amply corroborated by subsequent treating physicians. It is quite unreasonable to require a claimant to obtain original records from abroad when good sense suggests that they were probably destroyed many years ago.

Benefits were denied based on the fact that Dr. Bonito's sworn letter was not substantiated by clinical documents, which were unobtainable, totally discounting the fact that although Dr. Schively from New York University first saw plaintiff when she was 25, Dr. Schively confirmed that plaintiff's condition had disabled her long before her twenty-second birthday. This is not a disease that occurs without warning. It is a malady of progressive degeneration. An expert in its treatment is capable of extrapolating backwards in time to reliably conclude the patient's previous condition.

## IV.  CONCLUSION

Requiring severely handicapped people to produce clinical records, which are clearly unnecessary and unobtainable, constitutes a perversion of the administrative process. In light of the overwhelming evidence of plaintiff's severely disabling and degenerative condition, and the lack of contrary evidence, the determination of the Administrative Law Judge that there was

insufficient evidence of the disability prior to the age of twenty two is reversed, and remanded for computation of benefits.

So ordered.